## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

UNITED STATES OF AMERICA

v.                                                    CRIMINAL ACTION NO. 5:23-cr-00108

QUANTEL O. SAUNDERS

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending are Defendant Quantel O. Saunders' Letter-Form Motion for Reconsideration of the Court's Order Denying Appointment of Counsel [ECF 76], filed April 28, 2025, and a renewed Letter-Form Motion to Appoint Counsel [ECF 77], filed May 21, 2025.

## I.

On November 3, 2023, Mr. Saunders pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), as charged in Count One of the Indictment filed against him. [ECF 1]. Mr. Saunders was sentenced on March 29, 2024, to 46 months imprisonment, followed by a three-year term of supervised release, and a $100 special assessment. [ECF 48].

On April 2, 2025, Mr. Saunders moved for appointment of counsel to assist with filing "a Motion on the New Reform for PSI's [sic] based on Resentencing on AGE Reform." [ECF 73]. The Court found that Mr. Saunders asserted no exceptional circumstances and, therefore, failed to show that the "interests of justice" warranted the appointment of counsel. [ECF 75]. Accordingly, the Court denied his motion on April 15, 2025. [*Id.*].

Mr. Saunders now seeks reconsideration [ECF 76] and renews his motion [ECF 77]. He contends that his restricted access to the law library at FCI Beckley and time spent in the Special Housing Unit ("SHU") with only limited computer access constitute "exceptional circumstances" warranting appointment of counsel. [ECFs 76, 77]. Inasmuch as Mr. Saunders seeks the same relief in both motions, namely, the appointment of counsel, the Court will address them together.

As the Court previously explained in its April 15, 2025, Order [ECF 75], there is no constitutional right to appointed counsel in post-conviction proceedings, including those seeking post-sentencing relief. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (noting that the right to appointed counsel "extends to the first appeal of right, and no further" and thus rejects "a right to counsel on discretionary appeals"). Our Court of Appeals has specifically concluded there is no federal constitutional right to appointed counsel for defendants seeking sentence reductions under 18 U.S.C. § 3582(c). *U.S. v. Taylor*, 414 F.3d 528, 537 (2005) (quoting *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000)) (noting that a § 3582(c) motion is not considered "a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

The Court may, nevertheless, appoint counsel in post-sentencing relief proceedings if the "interest of justice so requires." 28 U.S.C. §2255; *see also* 28 U.S.C. § 1915(e) (stating that "the Court may request an attorney to represent any person unable to afford counsel"). Our Court of Appeals has concluded that the discretion afforded to district courts in this regard is abused when a court declines to appoint counsel in civil cases "where the case of an indigent person present[s] exceptional circumstances." *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (quoting *Whisenant v. Yuam*, 739 F.2d 160, 162 (4th Cir. 1984), *abrogated on other grounds by*,

2

*Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296 (1989)); *Riddick v. Barber*, 109 F.4th 639, 651 (4th Cir. 2024). Accordingly, "a district court must conduct a fact specific, two-part inquiry to assess whether a case presents exceptional circumstances before it decides whether to appoint counsel." *Id.* "That inquiry requires the court to determine (1) whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.'" *Id.; see Riddick*, 109 F.4th at 651 ("Whether such circumstances exist depends on the type and complexity of the case, and the abilities of the individuals bringing it.") (internal quotation marks omitted); *Farabee v. Gardella*, 131 F.4th 185, 197 (4th Cir. 2025) (recommending the district court appoint counsel due to "the complexity of the case and [the defendant's] apparent inability to effectively prosecute his claims").

In now seeking reconsideration, Mr. Saunders provides factual information that was not available to the Court when it first denied his request for appointment of counsel. Specifically, Mr. Saunders explains that he has been housed in the SHU at FCI Beckley for over six months, with little or no access to the law library, and may remain in the SHU for an extended period. [ECF 76 at 1]. These specific conditions of incarceration, and the extent of Mr. Saunders' library access, were not part of the record at the time of the Court's prior ruling. For the reasons discussed below, however, Mr. Saunders has failed to demonstrate entitlement to his requested relief, and his motion is, thus, **DENIED**.

In his Motion for Reconsideration, Mr. Saunders asks the Court to provide him with "ANY and ALL Information and help" concerning what he terms the "New Reform for PSI based on Resentencing on AGE Reform." [ECF 76 at 1–2]. While the Court recognizes the challenges faced by incarcerated individuals, the judiciary may not serve as an advocate or conduct factual or

legal investigation for any litigant. *See Pliler v. Ford*, 542 U.S. 225, 226 (2004) ("[F]ederal district judges have no obligation to act as counsel or paralegal to *pro se* litigants. Requiring district courts to advise *pro se* litigants in such a manner would undermine district judges' role as impartial decisionmakers."); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (explaining that "[t]he "special judicial solitude" with which a district court should view pro se complaints does not transform the court into an advocate."). If Mr. Saunders desires particular records from the official court file, he may seek them by letter to the Clerk, specifying them in detail.

In analyzing Mr. Saunders' requests for a court-appointed attorney, the Court turns to the first factor -- the type and complexity of the case. Mr. Saunders indicates that he seeks counsel to move for a sentence reduction based on his understanding of certain alleged amendments to the United States Sentencing Guidelines, which Mr. Saunders refers to as "AGE Reform" or "New Reform for PSI." [ECF 76 at 2]. However, he provides no additional detail about the alleged amendments, instead stating that the information he has received is "all coming from [i]nmates" and "not from something [he has] seen or [r]ead at the law library." [*Id.*] He concedes that he has "no clue" if that information "is correct or false" or whether he qualifies for a sentence reduction. Without more, the Court cannot conclude that any potential motion Mr. Saunders wishes to file would present complex or novel issues that would require professional legal assistance. Moreover, as noted, "although due process mandates the appointment of counsel for certain post-conviction proceedings, . . . a motion to reduce a sentence pursuant to § 3582(c) does not fit into this category." *Legree*, 205 F.3d at 730. Accordingly, Mr. Saunders offers no colorable claim that might necessitate the appointment of counsel.

As to the second factor -- whether Mr. Saunders is capable of presenting his claim -- Mr. Saunders contends that his lack of access to a functioning law library and resulting inability

to conduct legal research constitute exceptional circumstances warranting relief. [ECF 76 at 1]. While our Court of Appeals recently recognized that such limitations *can* constitute exceptional circumstances, *Riddick,* 109 F.4th at 651, courts may also consider the individual's educational and intellectual capacity to proceed *pro se*. *See United States v. Fulton*, No. 3:14-CR-00554-JMC-1, 2021 WL 2848292, at *2 (D.S.C. July 7, 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)) (holding that "[c]ourts may consider a variety of factors in its inquiry that is particularized to the individual and case before the court, such as the plaintiff's literacy, communication skills, education level, litigation experience, and evidence in the record bearing on the plaintiff's intellectual capacity and psychological history."). Here, Mr. Saunders has a high school diploma, has undertaken college coursework while incarcerated, and was described by prior counsel as "smart, articulate, and introspective." [ECF 45 at 1–3]. The record reflects no cognitive or psychological impairments that would render him incapable of pursuing the desired relief without appointed counsel.

Accordingly, while the Court acknowledges Mr. Saunders' difficulty in accessing legal resources, such hardship does not, in this instance, rise to the level of an "exceptional circumstance" requiring the assistance of counsel.

For the foregoing reasons, Mr. Saunders' Motion for Reconsideration [**ECF 76**] and renewed Motion for Appointment of Counsel [**ECF 77**] are **DENIED** without prejudice.

The Clerk is **DIRECTED** to send a copy of this Order to the Defendant, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:        July 15, 2025

Frank W. Volk
Chief United States District Judge

5